HENDRICK v. CHASE FURNITURE CO.
(No. 7543.)

(Court of Civil Appeals of Texas. Dallas. May 6, 1916.)

EVIDENCE ⊚⇒441(11) — PAROL — CONTEMPORANEOUS COLLATERAL AGREEMENT—BILLS AND NOTES.

In a suit on a note payable unconditionally at a time certain, a contemporaneous agreement to postpone the time of payment cannot be proved by parol, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 589, providing that the payor in a note may plead and prove want or failure or partial failure of consideration while the same remains in the possession of the original payee or when it shall have been transferred after maturity or with actual notice of the defense.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1812, 2043, 2044; Dec. Dig. ⊚⇒441(11).]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by the Chase Furniture Company against J. W. Hendrick. From a judgment for plaintiff, defendant appeals. Affirmed.

Morris & Pope, of Dallas, for appellant. Seay & Seay, of Dallas, for appellee.

RASBURY, J. Appellee sued appellant for the principal, interest, and attorney's fees upon two promissory notes executed by appellant to appellee and payable January 2, 1914, one for $200, due April 20, 1914, and one for $681.25, due May 20, 1914. Suit was commenced July 11, 1914, alleging both notes to be due and unpaid. After service of citation appellant filed answer, admitting the execution of the notes, the genuineness of the debt, the correctness of the amount, and that they were due according to their terms and unpaid, but urging as a defense thereto, in substance, the following facts: Prior to the execution of the notes sued on appellant was indebted to appellee in the sum of $1,081.25 on open account. At that time appellee requested appellant to merge the indebtedness into notes, representing that it would be convenient to have it in that form, and suggesting the execution of the notes described and two others each for $100 and maturing before either of the notes sued on. Appellant informed appellee that due to financial conditions then existing he did not believe he could pay them in the order and amount suggested,

but that he would for the convenience of appellee execute them as suggested if assured of reasonable extension. Thereupon appellee and appellant mutually agreed that appellant should execute the notes sued upon and the two others for $100 each, and that appellee should upon payment of the two $100 notes extend the third note for $200, and that, when it was paid, the fourth note for $681.25 should be extended by appellant executing a series of $200 notes covering same, which renewals were also to be extended from time to time upon payment of one of them. Relying upon the agreement so made, appellant executed the notes described and paid the first two $100 notes. Appellee, however, refused to observe the agreement and make the extensions, but filed suit upon the notes remaining unpaid. The representations made by appellee were made for the purpose of deceiving appellee and to induce him to execute said notes, and did in that respect deceive him. To the sufficiency of the facts so related as constituting a defense to the suit the trial judge sustained a general demurrer. The action of the court in that respect is the sole issue presented on appeal. We conclude that the demurrer was properly sustained. The facts alleged by appellant were inconsistent with the written contract, since the effect thereof was to establish that the notes sued upon were to be paid at a time other than that specified therein, and hence would have been in violation of the well-settled rule that written contracts may not be varied, contradicted, or added to by parol evidence. As said in Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37:

"It is sometimes the case that the writing represents only a part of the contract, the other parts being expressed orally; and in such cases those parts not reduced to writing which are consistent with the writing may be shown. But this rule has no application, for the reason that the stipulations of the parties about the matter in controversy were put in writing, and the effort is to show an inconsistent agreement."

All that is said in the case cited is true with reference to the instant case, since the parties did put in writing that which appellant sought to contradict or vary. On the question of agreements to renew or extend promissory notes at maturity an accepted authority says:

"If [made] contemporaneous with the execution of the instrument, such agreement would not be binding, unless in writing, for the reason that it would contradict the terms of a written contract, and parol evidence for that purpose is inadmissible." 1 Daniel, Neg. Ins. (6th Ed.) 213.

Another and recent authority states the rule to be that:

"When notes are payable unconditionally and at a time certain, it is incompetent to prove by parol testimony a promise by the payee, contemporaneous with or antecedent to the execution of the notes, stipulating for a postponement of the time of payment, as such evidence would contradict the terms of the written instru-

ments and vary their legal effect." 3 R. C. L. 910, § 98.

In the notes to American Gas & Ventilating Mach. Co. v. Wood, 43 L. R. A. 449, will be found on page 456 numerous citations on the question of contradicting the provisions of a promissory note as to time of payment, a consideration of which will show the rule stated to be general and uniform. It is provided by article 589, Vernon's Sayles' Stats., that the payor in a note may plead and prove want or failure or partial failure of consideration while the same remains in the possession of the original payee or when it shall have been transferred or assigned after maturity or may prove actual knowledge of such defense, etc. It cannot be said, however, that a contemporaneous oral agreement to extend payment at maturity is a failure of consideration within the common meaning of that term so as to bring the parol agreement to postpone payment within the statute, and thereby avoid the general rule with reference to contradicting the provisions of written contracts by parol evidence. The consideration is undisputed and admitted and was both valuable and legal.

For the reasons stated, the judgment is affirmed.

