### A. J. ANDERSON CO. v. KINSOLVING.
### (No. 7159.)

(Court of Civil Appeals of Texas. San Antonio. May 7, 1924. Rehearing Denied May 22, 1924.)

1. Appeal and error ⬅⟿673(1)—Judgment denying recovery by merchandise corporation against its officer not disturbed when extent of authority not shown.

Judgment denying merchandise corporation any recovery against its vice president and general manager, for cash used in entertaining customers and subscribed, in name of corporation in good faith, for stock in a large hotel company, as a sort of contribution to a public enterprise, will not be disturbed when record does not show extent of his authority.

2. Corporations ⬅⟿308(3)—Informal agreement between majority of directors to grant bonus held not enforceable by beneficiary.

An informal agreement among three of five members of the board of directors, made outside of session of such board, to grant bonus to employees for services, held not to create in proposed beneficiary right of action against the corporation to compel it to pay the bonus.

3. Corporations ⬅⟿308(3)—Officer held not entitled to enforce agreement among board of directors to pay him bonus.

Back salary or bonus could not be voted to a director of a corporation and an officer of it, where the vote of that officer was necessary to the adoption of the proposition; and, where that was attempted to be done, the officer could not enforce the agreement against the corporation.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by the A. J. Anderson Company against E. L. Kinsolving. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Marvin H. Brown and Charles T. Rowland, both of Fort Worth, for appellant.

SMITH, J. During the year 1919, and for some time theretofore, E. L. Kinsolving was vice president and general manager, and one of the five directors, of the A. J. Anderson Company, a corporation, capitalized at $70,-000, domiciled in the city of Fort Worth, and chartered for the expressed purpose of "buying and selling of wares and merchandise by wholesale and retail." Kinsolving's salary was $5,000 a year. In December, 1920, the corporation brought this suit against Kinsolving to recover of him upon an open account, including cash advanced, in the sum of $873.42, and for an additional sum of $500, which Kinsolving was alleged to have unlawfully paid out of the company's funds for capital stock in a newly organized Fort Worth hotel corporation.

It was admitted by Kinsolving, and judgment was so rendered, that on January 1, 1920, he owed the corporation a merchandise account of $185.57. He also admitted that he had from time to time taken small amounts from the corporation's funds, aggregating $304.75, charged it to expense, and expended it (as he claimed and the jury found) in the corporation's behalf in such matters as entertaining customers and the like. It was also admitted by him that in the corporation's behalf and with its funds he had subscribed and paid $500 for that amount of capital stock of a new corporation being organized for the construction of a large hotel in the city of Fort Worth. This project seems to have been one in which the people of the city felt much pride, and public spirited cit-

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

izens and concerns took stock in it as a matter of civic pride and enterprise. The jury found that Kinsolving acted in good faith in these matters, and for what he believed was the best interest of the corporation.

[1] The corporation, however, contends that Kinsolving had no authority from it, or its board of directors, to withdraw and use the company's funds for the purpose for which he expended the $304.75 mentioned, or to subscribe or pay out the corporation's funds for the hotel stock, which act it is charged was ultra vires as to the corporation and beyond its corporate purposes or powers. The corporation's by-laws are not copied into the transcript, or, if so, reference thereto is not contained in appellant's brief, nor does the record show the extent of Kinsolving's authority, express or to be implied from the usual exercise thereof, to act for the corporation in matters of policy, such as making appropriations for the casual entertainment of its customers, or for public enterprises, civic improvements, and the like. We are not prepared to say from the statement of the case, made by appellant, that Kinsolving was not warranted under the by-laws and general policy or conduct of the corporation's affairs to use the latter's funds to a reasonable extent for the purposes mentioned.

It is true, of course, and as appellant urges, that as a general rule a corporation may not lawfully engage in businesses unrelated to that for which it is chartered, or purchase stock in other corporations organized for entirely different purposes, and a strict application of this rule would render invalid the act of Kinsolving in purchasing the stock in the hotel corporation, and might under some circumstances even render him liable to his principal for the amount of the latter's funds he had expended in the illegal undertaking. But we do not think the rule should be so rigorously applied here. It is obvious that the purchase of the hotel stock was not for the purpose of launching the corporation into the hotel business, but was rather a contribution on behalf of the corporation towards the establishment of a new project of great moment to the city. It was a substantial expression of a laudable public spirit, and by no means usually inconsistent with a sound business policy. We cannot say from the record that in these matters Kinsolving went beyond the bounds of the general authority conferred upon him by the by-laws, or general course of business, of the corporation; and, this being true, the corporation was precluded by the finding of the jury, upon sufficient evidence, that Kinsolving acted in good faith in the transactions. We hold, then, that the court properly denied the corporation's prayer for recovery of $304.75, representing cash taken and expended by Kinsolving, and of the subscription of $500 to the hotel corporation. The

judgment for the corporation against Kinsolving for $185.57 on the open account is not questioned, and should be enforced, unless, as the court held, it was extinguished by Kinsolving's claim against the corporation for a bonus of $500, as will now be shown.

It appears from the evidence, and the jury found, that at the end of the year 1919 it was agreed between Kinsolving and the president and the treasurer of the corporation, the three being also directors, of which there were five altogether, that certain employees, including the defendant Kinsolving, were to have and be paid a sum of money equal to 10 per cent. of their annual salary for the year 1919, as a bonus, and out of the funds of the plaintiff corporation. Under this arrangement Kinsolving's bonus would have amounted to $500, being 10 per cent. of his annual salary. It was not paid to him, and he directed the bookkeeper to credit his account with it, as he owed the company the merchandise account of $185.-57. This was not done, however, and the whole incident seems to have passed out of the minds of the parties until 3½ years later, when Kinsolving, in an amended answer and cross-action filed in this suit, set up the facts and sought to recover the amount from the corporation. The latter resists the claim upon the grounds that the payment of the bonus was never legally authorized by the corporation, and, in any event, was barred by limitation at the time the claim therefor was first set up. The court held that Kinsolving was entitled to the bonus, and with it set off the contemporaneous open account item of $185.57, which left a balance in favor of Kinsolving of $314.43. The court, however, held this balance to be barred by limitation, and disallowed it. This adjudication left the parties quit of each other, except as to the costs, which were taxed against the corporation, which has appealed.

[2] Regardless of the question of limitation, we think appellant is correct in its contention that Kinsolving is not entitled to recover upon his claim for the amount of the alleged bonus. In the absence of an express contract therefor, the granting of a bonus to employees, as a reward or additional compensation for past services, although frequently done by business concerns, is nevertheless far out of the usual course of business, and for that reason perhaps may not be legally authorized in the case of a corporation, except by formal action of a majority of the board of directors, in session as such.

At least, it may be said with assurance that only in this way could the corporation effectually contract with its employees to pay them a bonus, or extra compensation for past services, so as to create a right of action therefor in behalf of the employee. Cook, Corp. § 719.

Here, the granting of the bonus was not

done by the board of directors, while in session as such, but through an informal agreement made privately by three members of the board, constituting a majority thereof. Surely, this informal agreement among the individual directors did not give the proposed beneficiaries a right of action against the corporation to compel it to pay them the amount of the contemplated bounty.

[3] Kinsolving's claim for a bonus seems also to be defeated by the operation of another rule, which is that an increase in salary, or additional compensation, or back salary, or pay—a bonus—may not be voted to a director or directing officer of a corporation, when the vote of the beneficiary himself is necessary to the adoption of the proposition. Cook, Corp. § 657. This case is brought squarely within that rule, for it appears that of the five directors only three agreed to the granting of the bonus; Kinsolving himself being one of the three.

Because of the error in rendering judgment for Kinsolving for a portion of the amount of the alleged bonus, the judgment must be reversed, and the cause remanded.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes