## ADAMS NAT. BANK v. STONE. (No. 7585.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1926.)

**1. Bills and notes ⬌64, 97(1)—If note was placed in escrow, to be delivered and become binding only when payee erected warehouse or was given in part consideration of promise to do so, failure to build warehouse would be defense to suit on note by purchaser with notice of such conditions.**

If note sued on was placed in escrow, to be delivered and become binding on maker only when plaintiff erected warehouse, or was given in part consideration of promise to do so, failure to build warehouse would be defense if plaintiff purchased note with notice of such conditions.

**2. Appeal and error ⬌931(4)—Whether note sued on was to become binding only when payee erected warehouse, or was given in part consideration of unfulfilled promise to do so, being controlling issues, will not be resolved by presumption in support of judgment for defendant at least in face of conflicting testimony.**

Whether note was placed in escrow, to be delivered and become binding on maker only when payee erected warehouse or was given in part consideration of unfulfilled promise to do so, being controlling issues in suit on note, will not be resolved by presumption in support of judgment for defendant, at least in face of conflicting testimony.

**3. Trial ⬌351(2)—Party, urging that note sued on was not to become binding until payee erected warehouse and was given in part consideration of unfulfilled promise to do so, must seek affirmative findings thereon to be entitled to judgment; they being purely defensive matters.**

Whether note sued on was placed in escrow, to be delivered and become binding only when payee erected warehouse, or was given in part consideration of unfulfilled promise to do so, are purely defensive matters, on which party, urging them must seek affirmative findings by jury to entitle him to judgment.

**4. Trial ⬌395(1)—Finding that note in suit was not to become due until payee completed building of warehouse held not to warrant judgment rescinding contract absolute on face to pay amount thereof, as giving it such effect would contravene rule against contradicting written instrument by parol evidence.**

Finding that note sued on was executed with understanding or agreement that it was not to become due until payee completed building of warehouse was not sufficient to warrant judgment rescinding contract, absolute on face, to pay amount of note, because of failure to build warehouse, as to give it such effect would contravene rule against contradiction of written instrument by parol evidence.

**5. Appeal and error ⬌1062(1)—Whether maker delivered note conditionally with understanding that it was to be returned to him if warehouse was not built by payee held not issue submitted by court, so as to avoid effect of concession that contemporaneous parol agreement postponing maturity of obligation until warehouse was built cannot be urged against plain terms of note.**

Whether note sued on was executed with understanding that it was not to become due until payee completed building of warehouse held issue submitted to jury, not whether maker delivered note conditionally with understanding that it was to be returned to him if warehouse was not built, so as to avoid effect of concession that contemporaneous parol agreement to postpone maturity of obligation until such time cannot be urged against plain terms of note; such agreement being different from conditional delivery or escrow agreement.

**6. Appeal and error ⬌757(3).**

Admission of testimony not set out in brief sufficiently to disclose its nature will not be passed on.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Medina County; R. H. Burney, Judge.

Action by the Adams National Bank against W. C. Stone. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. B. Lewright, of San Antonio, and L. J. Brucks, of Hondo, for appellant.

DeMontel & Fly, of Hondo, and Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for appellee.

SMITH, J. This suit was instituted by the bank against Stone to recover upon a promissory note executed by the latter, and payable to the Planters' Bonded Warehouse Company, which had assigned it to the bank. The note, given in payment of stock to be issued to Stone by the company, was executed on February 8, 1921, and by its terms was made payable on October 1, 1921. Stone sought to defeat the note upon the grounds: (1) That at the time it was executed it was understood by the parties thereto, with the bank's knowledge, that it would not "become due and payable" until the warehouse company built a warehouse in the town of Devine; (2) that it was placed in escrow to be delivered upon the condition, known to the bank, that it would not become a binding obligation upon the maker unless and until the warehouse was built; and (3) that, with the bank's knowledge, it was given in consideration of stock in the company and of the company's agreement to construct the warehouse, but the company had become insolvent and defunct and had not built the warehouse, or issued the stock, whereby the consideration had failed. The bank sought to avoid these defenses by showing that it was an innocent purchaser of the note in good faith, for value and without notice. The cause was submitted upon two special issues: First, was the note executed and delivered with an understanding and agreement between the parties thereto that it was not to become due or payable until the warehouse was built? And, second, did the bank have notice of this condition? Upon affirmative answers of the jury to both issues, the court rendered judgment denying recovery to the bank, which has appealed.

This is the second appeal in the cause. Stone v. Bank, 263 S. W. 1112. In the former trial the court directed a verdict for the bank, and this court reversed the judgment upon the ground that the evidence of a conditional delivery of the note made a case for the jury. Reference is here made to the opinion in the former appeal for a more detailed statement of the case. It is not deemed necessary to set out the evidence adduced upon the last trial.

[1] We conclude that the evidence upon the last trial raises only two defenses upon which appellee could escape liability upon the note sued on: First, that the note was placed in escrow to be delivered and became binding on the maker when, and only in the event, the warehouse company erected the promised warehouse; and, second, that the note was given in consideration, in part, of the promise to erect the warehouse, and there was a failure of this consideration. The failure of the company to build the warehouse would operate as a defense in either of these events, provided, of course, there is a supported finding of the jury that the bank purchased the note with notice of the conditions mentioned.

[2, 3] But neither of these issues was submitted to the jury. Each of them was a controlling issue, and therefore neither will be resolved by presumption in support of the judgment, as would be the case had the issue been of an evidentiary fact necessary to sustain a finding upon an ultimate issue. They were issues going to the very foundation of the case, and cannot be resolved by presumptive findings, at least in the face of conflicting testimony. These matters were of a purely defensive nature, and it devolved upon the party urging them to secure affirmative findings of the jury thereon in order to entitle him to judgment. Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902, Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; Ry. v. Price (Tex. Com. App.) 240 S. W. 524; Boatner v. Ins. Co. (Tex. Com. App.) 241 S. W. 136; Kistler v. Latham (Tex. Com. App.) 255 S. W. 983; Public Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637; Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 968; Fidelity etc. Co. v. Harrison (Tex. Civ. App.) 274 S. W. 1002; Rogers v. City of Fort Worth (Tex. Civ. App.), 275 S. W. 214; Ry. v. Wagner (Tex. Civ. App.) 262 S. W. 902.

[4] The only issue submitted to the jury was that of whether, with the knowledge of the bank's officials, appellee executed the note "with the understanding or agreement with" the warehouse company's agent "that said note was not to become due or payable until" the company had "completed the building of the warehouse in the town of Devine." This finding is not sufficient within itself to warrant a judgment rescinding the contract, absolute on its face, to pay the amount of the obligation. To give the finding this effect would be in direct contravention of the rule against the contradiction of a written instrument by parol evidence. 3 R. C. L. 910; Walters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 587; Hendrick v. Furniture Co. (Tex. Civ. App.) 186 S. W. 277; Crooker v. Phonograph Co. (Tex. Civ. App.) 135 S. W. 647.

[5] By inference appellee appears to concede that a contemporaneous parol agreement between the parties to the note, that the actual maturity of the obligation be postponed until the warehouse was built, cannot be urged against the plain terms of the in-

strument. To avoid the effect of this concession, appellee declares that "the real issue before the jury was whether appellee had made a conditional delivery of, the note with the understanding that it was to be returned to him if the warehouse was not built," and "that it was this issue that the court undertook to submit to the jury, and this is really the question that was passed on by the jury." But we cannot subscribe to this theory. An agreement to postpone the time of payment of a delivered promissory note is very different from a conditional delivery, or an es-. crow agreement. The issues are so different in fact that the first constitutes no defense, while the others do.

[6] Other questions are presented in the appeal; but it· is not deemed necessary, in view of another trial, to discuss them in detail. We will say, generally, that the evidence complained of in appellant's seventh and eleventh propositions was not admissible in the face of the objections interposed thereto. The testimony complained of by appellant in his eighth and ninth propositions was admissible in explanation of testimony brought out by appellant, but the evidence complained of in the tenth proposition was primarily inadmissible, at least in the absence of appropriate pleadings, although appellant's objections were perhaps waived by his conduct in eliciting similar testimony. Appellant's eleventh and twelfth propositions are briefed together, but will not be passed on for the reason that the testimony complained of is not set out sufficiently to disclose its nature. The special charge complained of in appellant's thirteenth proposition is correct in principle, and we cannot say that it was improperly given in this case.

For the reasons discussed, the judgment must be reversed, and the cause remanded.