### ADAMS NAT. BANK v. ADAMS CO.
#### (No. 7763.)

Court of Civil Appeals of Texas. San Antonio. April 20, 1927.

On Appellee's Motion for Rehearing, Nov. 23, 1927.

1. **Bills and notes** ⚙⟾537(6)—**Transferee held entitled to directed verdict on note, in absence of evidence that it knew of collateral agreement between maker and payee.**

In absence of evidence that, when purchasing note whose execution and delivery were admitted, bank's officials knew of circumstances of execution and delivery or of agreement between maker and payee which would in any contingency relieve maker of liability, plaintiff bank *held* entitled to directed verdict.

On Appellee's Motion for Rehearing.

2. **Corporations** ⚙⟾377(1)—**Act of mercantile company in subscribing for stock in cotton warehouse company as civic enterprise, held not ultra vires.**

Act of a corporation chartered for purpose of buying and selling goods by wholesale or retail, in subscribing for stock in cotton warehouse company *held* not ultra vires, so that action on note given for stock could not be maintained, notwithstanding that enterprise was foreign to purpose of subscribing corporation.

Appeal from District Court, Medina County; Joseph Jones, Judge.

Action by the Adams National Bank against the Adams Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Lewright & Lewright, of San Antonio, for appellant.

DeMontel & Fly, of Hondo, for appellee.

SMITH, J. Appellee approves appellant's statement of the nature and result of the suit, which is as follows:

"As assignee of Planters' Bonded Warehouse Company, appellant sued appellee as the maker of a negotiable promissory note, dated February 26, 1921, for the sum of $500, bearing interest at the rate of 8 per cent. per annum, and containing an attorney's fee clause. Appellee admitted execution and delivery of note, but alleged that said note was not binding on it as between itself and original payee, and, further, that appellant was not an innocent purchaser, for value, without notice, in due course of trade, etc. Upon special issues, the jury found as follows: (a) That appellee executed and delivered said note to an agent of Planters' Bonded Warehouse Company, with the agreement that said note should not become effective and a binding obligation, but should be returned to appellee, unless said warehouse company should build a warehouse in Devine, Tex., in time for crop of 1921; and (b) that appellant's cashier had actual knowledge, at or prior to purchase of note by appellant, of such agreement between appellee and said agent of warehouse company."

In deference to the verdict of the jury, the trial court rendered judgment that the plaintiff below, the Adams National Bank, recover nothing of the defendant, Adams Company. The bank has appealed. The general facts of the transaction involved as well as the questions of law are stated in detail in the reported case of Bank v. Stone (Tex. Civ. App.) 284 S. W. 989, and need not be repeated here.

[1] It is sufficient to say that there is no evidence in the present case that when purchasing the note the officials of the bank had any knowledge whatever of the particular facts or circumstances under which appellee executed or delivered the note in controversy, or of any agreement had between the maker

⚙⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and payee which would in any contingency relieve appellee of liability. This point is made in appellant's second proposition of law, and appellee's only reply thereto is that:

"Appellant's second proposition would be a correct statement of the law if its statement, that there was no evidence of appellant's knowledge of the conditions under which said note was given, were true, but the record herein will not support the statement made."

But appellee does not point out any testimony showing or tending to show such knowledge, although definitely challenged to do so by appellant. We have carefully scrutinized the statement of facts and find no such evidence. There being no such evidence adduced, the trial court should have directed a verdict for appellant, as requested by it.

The judgment will be reversed and judgment here rendered that appellant have and recover of appellee the amount of the note in suit, including principal, interest, and attorney's fees, as stipulated, together with all costs in this and the trial court.

### On Appellee's Motion for Rehearing.

In the original disposition of this appeal the judgment was reversed, and judgment rendered for appellant. Subsequently that order was set aside, and the judgment was reversed and the cause remanded, upon a ground which further consideration convinces us is untenable. We have therefore concluded that the original disposition was correct, and that judgment should here be rendered for appellant. It is so ordered.

[2] In its motion for rehearing appellee insisted, under appropriate cross-assignments of error, that its act in subscribing for stock in the warehouse company was ultra vires and beyond the scope of its corporate purposes, and that therefore its act in executing the obligation herein sued upon, in payment for said stock, was void, and the obligation unenforceable. Appellee corporation was formed and chartered "for the purpose of buying and selling goods, wares, and merchandise of every description, by wholesale and retail." It is obvious that under this purpose clause in its charter appellee was not authorized to engage in a cotton warehouse business, and, if the evidence in this case had disclosed that in subscribing for stock in the proposed warehouse corporation appellee thereby sought to enter and pursue the warehouse business, the act would have been beyond its corporate objects, and its obligation to appropriate its corporate funds in payment of the stock would have been void and unenforceable. But the evidence disclosed no such purpose. On the contrary, it was shown that it subscribed for the stock, not for the purpose of engaging in the warehouse business, but in order to aid other members of the public in securing the establishment of a much-coveted public warehouse in the town of Devine, for the benefit of the public generally, and of appellee and others doing business in the community. The establishment of the warehouse was looked upon as a greatly needed civic enterprise and improvement, and appellee, along with others in the community, subscribed for stock in the proposed corporation in order to secure that improvement, and not to engage in the warehouse business. It now seems to be settled that a corporation, chartered for a particular purpose, may properly subscribe for stock in civic enterprises of this character, regardless of the fact that such enterprise is foreign to the purpose of such corporation, and the latter's obligation to pay its subscription will be enforced as any other obligation. Anderson v. Kinsolving (Tex. Civ. App.) 262 S. W. 150; McCord Co. v. Hotel Co. (Tex. Civ. App.) 287 S. W. 906. Appellee's cross-assignments of error were therefore overruled.

Believing the original disposition was correct, appellant's motion for rehearing is granted, and it is ordered that the judgment of the court below be reversed, and judgment here rendered that appellant recover the amount of the note in suit, including principal, interest, and attorney's fees, together with all costs of the litigation. The opinion on appellee's motion for rehearing is withdrawn.