RICHARD THOMPSON Co., Limited, *v.* BROOK.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

CONTRACTS—RIGHTS OF BENEFICIARY—PRIVITY.

    A corporation cannot avail itself of a mutual agreement made by its officers among themselves to accept a reduced rate of salary for their services to be thereafter performed, the corporation not having been a party to the agreement, and the same not having been communicated to or accepted by it or its directors.

Appeal from first district court.

Action by the Richard Thompson Company, Limited, against Augustus T. Brook, to recover a balance of money advanced to defendant for plaintiff's use. The defense was a counter-claim for balance of salary due. There was a judgment for the defendant, and the plaintiff appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*J. Albert Lane*, for appellant. *John A. Anderson*, for respondent.

BISCHOFF, J. Upon the trial it appeared that the plaintiff, a corporation, by resolution of the board of directors, in March, 1890, fixed the rate of compensation to be paid the defendant, its secretary, for his services as such, at $900 per annum, and that the defendant was paid at that rate for some time thereafter. Subsequently the officers of the plaintiff met, and mutually agreed to accept a reduced rate of salary for their services to be thereafter performed; but it did not appear that the plaintiff was a party to this agreement, or that the same had ever been communicated to or accepted by the board of directors of the plaintiff. The defendant claimed his salary at the former rate, and the plaintiff in this action sought to avail itself of the mutual agreement between its officers, asserting that, although it was not a party to that arrangement which had been made for its benefit, it was entitled to an enforcement thereof. The justice below decided contrary to plaintiff's contention, and on this appeal plaintiff's counsel urges that the facts are within the doctrine established by *Lawrence* v. *Fox*, 20 N. Y. 268. We are of opinion that the ruling of the trial justice was correct. In *Lawrence* v. *Fox*, the defendant had received a loan of money from one Holly, who was indebted to

the plaintiff upon his promise to pay the sum so loaned to the plaintiff in satisfaction of Holly's debt; and Lawrence, having accepted Fox as his debtor in the place of Holly, was held entitled to recover from Fox. The court of appeals has, however, repeatedly held that the ruling in *Lawrence* v. *Fox* should not be extended, and should be limited in its application to cases presenting the same essential facts. *Lorillard* v. *Clyde*, 122 N. Y. 502, 25 N. E. Rep. 917; *Wheat* v. *Rice*, 97 N. Y. 302. In *Vrooman* v. *Turner*, 69 N. Y. 280, 284, ALLEN, J., delivering the opinion of the court, commenting on *Lawrence* v. *Fox*, says: "To give a third party, who may derive a benefit from the performance of the promise, an action, there must be—*First*, an intent by the promisee to secure some benefit to the third party; and, *second*, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally. * * * It is true there need be no privity between the promisor and the party claiming the benefit of the undertaking. Neither is it necessary that the latter should be privy to the consideration of the promise; but it does not follow that a mere volunteer can avail himself of it. A legal obligation or duty of the promisee to him will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise; the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promisor. A mere stranger cannot intervene and claim by action the benefit of a contract between other parties. There must be either a new consideration, or some prior right or claim against one of the contracting parties, by which he has a legal interest in the performance of the agreement." As the right of a third person to avail himself of the benefit of a contract to which he was a stranger has been thus defined, we fail to see in the case at bar the elements essential to enable the plaintiff to insist upon the performance of an agreement between its employes to accept a lesser salary than that which it had contracted to pay in its contract of employment with them. So far as appears from the record before us, none of plaintiff's employes were under any obligation to continue their services for it, and each of them had a right at any time to withdraw his services. The agreement was intended to affect only services to be performed in the future, and the plaintiff had neither a moral nor legal right to insist upon the performance of such future services; and it does not appear that the plaintiff continued their employment relying upon the agreement among its officers, or parted with or did anything by means of which the several officers would be estopped from claiming the salary which it had agreed to pay. Judgment appealed from affirmed, with costs.