RICHARD E. BOLLER, Respondent, v. C. W. HUNT COMPANY, INC., Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, upon the ground that the management and control of defendant's business, so far as it relates to the making of contracts of the nature of the alleged one in suit, is vested in the board of directors, and no authority is shown to be in the president to make it; and upon the further ground that at the time of the alleged interview with Volck, the vice-president, and Hathaway, then merely a director, plaintiff was still defendant's president, for on that day, January 3, 1920, he had submitted his resignation, which was to take effect at the *pleasure* of the board, and not

*immediately*, as in the cases cited by respondent. (*Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1; *Noble* v. *Euler*, 20 App. Div. 548.) It was not accepted by the board until January 6, 1920, when Hathaway was elected president. When the conversations embracing the alleged contract of hiring were had, therefore, plaintiff was still defendant's president, while Hathaway was merely a director, who could not bind the defendant. (*McIlrath* v. *Waterbury & Sons Co.*, 193 App. Div. 491.) The trial court properly ruled that Volck, the vice-president, had no authority to make the contract in question, and under the circumstances this left any recovery by the plaintiff unsupported. Blackmar, P. J., Mills, Rich, Putnam and Jaycox, JJ., concur.