CHESTER B. LORD, Plaintiff, *v.* ENDICOTT JOHNSON CORPORATION, Defendant

Third Department, November 19, 1930.

*Hinman, Howard & Kattell* [*Harvey D. Hinman* of counsel], for the plaintiff.

*Maurice E. Page* and *Howard A. Swartwood,* for the defendant.

HILL, J. This controversy is submitted upon an agreed statement of facts. Plaintiff seeks to recover items of salary which he claims are owing to him. He was one of defendant's vice-presidents. His salary was fixed by a resolution of defendant's board of directors in March, 1922, at $25,000 a year and one per cent of the net profits of the business after deducting dividends. On March 26, 1927, he mailed to defendant a letter which stated: " I hereby tender my resignation as officer of the corporation and its affiliated companies, same to take effect at once. * * * " The resignation was accepted by the board on the sixth of April. Plaintiff received his stated salary to March 5, 1927, and after that time " was absent from his place of business on vacation. During that period plaintiff from time to time and frequently was in communication with his office by correspondence and telegraph concerning defendant's business and was directing the business of his office requiring his personal supervision and was otherwise engaged in the performance of his duties as such officer." The stipulation further provides: " Which vacation was in no way a departure from the custom relating to vacations of officers." The defendant has refused to pay the stated salary after March fifth when the vacation began because the president of defendant " directed that from and after October 1, 1925, defendant's officers should not be paid or receive salaries for holidays or for periods they were absent on vacations or by reason of illness or otherwise. No action was taken or direction given on that subject by defendant's Board of Directors." This rule was enforced and apparently acquiesced in by the officers until 1927. Defendant's president, in the latter part of that year, revoked his order as to officers then in the employ of the company and directed a refund. Salaries without reduction were paid other officers for that year. It was the custom during each year for all executive officers of defendant " to take at least one month's vacation in the early months of the year." Plaintiff's salary had been fixed by the board of directors of defendant, and it could not be increased nor decreased by order of the president. Vacations with pay had been taken in the years between the resolution of employment and the order of the president. This shows the construction which the parties themselves gave to the contract of employment. The courts should adopt their construction. (*City of New York* v. *New York City R. Co.,* 193 N. Y. 543.) The president was without authority to reduce salaries, and his direction would have no effect except for the acquiescence of plain-

tiff. (*Rockefeller* v. *Lamora*, 96 App. Div. 91.) Acquiescence would give force to the president's assumption of authority for the period the reduced salary was accepted without complaint. It would not estop the plaintiff from claiming and receiving equal consideration with other executive officers in 1927. He is entitled to his stated salary during the vacation of that year, particularly as he performed the duties of his office during his absence. (*Davis* v. *Memphis City R. Co.*, 22 Fed. 883.) Plaintiff ceased to be vice-president at the time he presented the resignation on March twenty-sixth. (*Briggs* v. *Spaulding*, 141 U. S. 132; *Zeltner* v. *Zeltner Brewing Co.*, 174 N. Y. 247; *Manhattan Co.* v. *Kaldenberg*, 165 id. 1; *Boller* v. *Hunt Co., Inc.*, 198 App. Div. 910; *Chandler* v. *Hoag*, 2 Hun, 613.) He is entitled to his stated salary between the 5th and the 26th of March, 1927, amounting to $1,411.29.

Plaintiff would have been entitled to $28,345.30 of the net profits of 1927 if he had worked the entire year. He is entitled to $6,600.96. being the fractional part thereof which represents the part of the year he did work. Interest on this item should be computed from February 1, 1928, for the net profits were not ascertained or the percentage thereof paid to the officers until about that time.

The judgment should be rendered in favor of the plaintiff for the sum of $8,012.25, with interest on $1,411.29 from April 1, 1927, and upon $6,600.96 from February 1, 1928, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Judgment rendered in favor of the plaintiff for $8,012.25, with interest on $1,411.29 from April 1, 1927, and upon $6,600.96 from February 1, 1928, with costs.