## SUPERIOR BREWING CO. v. CURTIS.

### No. 13740.

Court of Civil Appeals of Texas. Fort Worth.

April 15, 1938.

Rehearing Denied May 20, 1938.

Cantey, Hanger & McMahon, J. A. Gooch, Warren Scarborough, and Byron Scarborough, all of Fort Worth, for appellant.

Walker, Smith & Shannon and Hugh B. Smith, all of Fort Worth, for appellee.

BROWN, Justice.

Appellant is a private corporation, organized under the laws of the State of Texas. Appellee, who was an owner of a number of shares of capital stock in such corporation, was by the board of directors of the corporation duly elected as the secretary and treasurer of such corporation, and served in such capacity from February 1, 1935, until February 15, 1936, at which time appellee tendered his resignation as such officer, and discontinued his services to the corporation.

On November 5, 1934, at a regular meeting of the board of directors of appellant corporation, the annual salary of the secretary and treasurer, which had theretofore been set at $9,450, was by action of the board of directors reduced 50 per cent., along with all other salaries theretofore fixed. Under some arrangement that had been made, appellee drew and was paid each week the sum of $60, while the president of such corporation drew and was paid the sum of $85 per week.

It appears from the record that there was some friction in the organization, and that this called for and brought about appellee's resignation as secretary and treasurer of the corporation. After tendering such resignation and its acceptance, appellee demanded payment by the corporation of the balance of the annual salary due him, based upon the fixing of his salary at the sum of $4,725 annually, and the payment to him of only $60 per week, while he served as secretary and treasurer, and, such demand not being complied with, appellee brought this suit and sought judgment.

In order to show that appellee was not entitled to recover against it as prayed for, appellant pleaded, in substance, that an informal meeting of stockholders was had in the early part of January, 1935, shortly prior to the regular stockholders' meeting, which was to be held in conformity with the by-laws of the corporation, on January 16, 1935, and that such informal meeting was for the purpose of considering the problems facing the corporation, and to seek some method of remedying the situation, which had arisen because of dissension and lack of co-operation within such corporation, and for the further purpose of considering the salaries that were then being paid to the officers of the corporation, with a view of a possible further reduction thereof.

It then alleged that at such meeting an oral agreement was made and entered into, whereby certain of the stockholders who were present would undertake to buy the stock then held by the then secretary and treasurer of the corporation (appellee's predecessor), in order to bring about co-operation among all of the officers and employees. It further alleged that it was then and there agreed among the stockholders who were present and by the president and by appellee that unless the corporation made a profit of 20 per cent. on its invested capital during the calendar year 1935, that the president and appellee would further reduce their salaries, and that it was agreed that the president would draw only $85 per week and that appellee would draw only $60 per week, and that, if the corporation made as much as 20 per cent. on its invested capital, the difference between $60 per week and the salary

then being paid appellee would thereafter be paid to him, and it alleged that thereafter the appellant did not make 20 per cent. on its invested capital, and in fact did not make any profit during the calendar year 1935, and, because of such facts and agreements, appellee is not entitled to recover.

Appellant further answered that appellee desired to resign and agreed to resign his position with the corporation on January 15, 1936, but was allowed to remain with the corporation for another month, at his request, at which time he formally tendered his resignation and agreed to resign, as a part of an agreement, whereby the president and certain other stockholders agreed to purchase a part of appellee's stock in the corporation; that at such time appellee was indebted to the corporation for approximately $700, and as a part of the purchase agreement the president, who purchased a part of appellee's stock, assumed and agreed to pay and did pay the balance due by appellee to the corporation. Appellant corporation alleges that by and through such transaction appellee recognized his indebtedness to appellant and made no claim at that time for any additional salary, and did not dispute his indebtedness to the corporation, and that, after the said president and certain stockholders had purchased a part of his capital stock, appellee, for the first time, demanded the additional payment on his salary. Appellant then alleged that, if appellee had made demand for his additional salary at the time of his resignation and at the time his stock was purchased by the other stockholders and at the time he caused the settlement of his account with appellant to be made, such agreement would not have been made, and appellant alleges that appellee is therefore estopped to claim any additional sum on his salary.

The case being tried to a jury, the court submitted only one issue, requiring the jury to find whether or not appellee, Curtis, at the time alleged, agreed with the other officers and stockholders of the appellant corporation that unless the corporation made a profit of 20 per cent. of its capital stock during the year 1935 he would accept the sum of $60 per week in full payment of his salary. To this issue the jury said "no."

The trial court rendered judgment for appellee against appellant, for the difference between his salary, that had been theretofore fixed by the board of directors of appellant corporation, and the sum of money that had been paid appellee. The corporation has appealed from this judgment, and presents five propositions, predicated upon its assignments of error.

The first proposition complains of the refusal of the trial court to give appellant's requested issue No. 2. This issue requested the jury to find whether or not the contract for the purchase of appellee's stock and the assumption of his indebtedness to appellant and the receipt by appellee of $60 per week up to the time he resigned was settlement in full of his claims against the corporation, as of the time of his resignation.

Under the view we take, there was no error in refusing to submit such issue to the jury. A study of the whole record does not disclose that the transactions relied upon were had with the corporation. On the other hand, it is evident that these transactions were had with certain officers and stockholders of the corporation. Appellee was not dealing with the corporation at such time. He was making no settlement with the corporation at that time. He was contracting with certain officers and stockholders of the corporation for the sale of a part of his capital stock in the corporation to them. The issue requested could have no purpose other than to effect a finding upon which estoppel could be had. A party who pleads estoppel must have been misled to his injury; that is to say, he must have suffered a loss of a substantial character, or he must have been induced to alter his position for the worse in some material respect.

In Harris v. Mayfield, Tex.Com.App., 260 S.W. 835 it is held that one cannot take advantage by way of estoppel of recitals in a deed to which such person is neither a party nor privy and where it has not been acted upon to such person's own disadvantage. That principle is invoked in the instant suit.

In the transactions relied upon to create an estoppel, appellee was dealing with certain officers and stockholders of the corporation, in an effort to sell a portion of his capital stock to them. He was not only not dealing with the corporation, but in such transactions it cannot be said that the corporation was caused to change its position for the worse. See, also, 21 Corpus Juris 1180, 1133, 1135–1138.

It follows that the propositions and assignments of error to the refusal of the

court to give the other requested issues, seeking to establish estoppel, are not well taken.

■ The third proposition asserts that the verdict of the jury is against the great weight and preponderance of the evidence, and that the trial court erred in refusing to set it aside. Under the view we take of this case, it was not necessary to submit any such issue as was submitted by the trial court. In our opinion, if the undisputed evidence had disclosed, and if appellee had admitted, that at the informal meeting of a few of the stockholders, as was alleged by appellant, appellee had agreed then and there with such stockholders and officers of the corporation who were present that, unless the corporation made a profit of 20 per cent. of its capital during the year 1935, he would accept the sum of $60 per week, in full payment of his salary, such an agreement would have been a nudum pactum.

We are not favored with a copy of the by-laws of appellant corporation, and we may look only to the record presented to us in order to find where authority is vested in the matter of fixing of salaries of officers. A copy of the minutes of a called meeting of the board of directors of this corporation, held on February 24, 1934, was introduced in evidence. At that time the annual salaries of the several officers were fixed, and these minutes contained the following recitation: "President Lamsens announced that under the authority granted the Board of Directors, such Board of Directors was empowered to fix and name the salaries of the officers of the company."

We take it that, in the absence of any evidence to the contrary, the authority to fix these salaries was vested absolutely in the board of directors of the corporation. It is not contended, and could not be successfully contended, that the informal meeting on which appellant relies was either a regular or a called meeting of the board of directors. Therefore, we hold that, the board of directors of said corporation having fixed appellee's annual salary at $4,725, such salary could not there-

after be either increased or reduced, except by and through action had by the board of directors, in a meeting of such board, wherein at least a quorum was present. No such meeting having been held, and no such action having been taken, any agreement on the part of appellee to take and receive less than the annual salary theretofore fixed by the board of directors was not and could not be binding upon the appellee. The evidence was conflicting on the issue of whether or not appellee agreed to any such reduction, and the jury found in favor of appellee on the only issue submitted.

What we have said is amply supported by the following authorities: Volume 14-a, Corpus Juris, pp. 84, 140, 145, and 146; volume 2, Machen, Modern Law of Corporations, p. 1238; Richard Thompson Co., Ltd., v. Brook, Com.Pl., 14 N.Y.S. 370; Lord v. Endicott Johnson Corporation, 231 App.Div. 1, 246 N.Y.S. 377. The principal announced by us is also invoked in the case of A. J. Anderson Co. v. Kinsolving, Tex.Civ.App., 262 S.W. 150, writ dismissed.

A private corporation being an entity brought into being by the State, its rights and powers are prescribed by the State.

Article 1327, R.C.S., provides that the directors of private corporations in Texas shall have the general management of the affairs of such corporations.

Article 1323, Vernon's Ann.Civ.St., provides that a majority of the directors shall constitute a quorum to transact all business of the corporation.

The statutory authority is given the stockholders to alter or amend the by-laws of the corporation.

It was not attempted to be shown that the stockholders ever assumed the right to fix the officers' salaries by and through any by-law, and no changes were made by the directors, at any meeting of the board, subsequent to the meeting on November 5, 1934, at which time appellee's salary was fixed at the sum for which he sues.

All assignments of error are overruled, and the judgment of the trial court is affirmed.