**COOPER PETROLEUM CO. v. COGHILL.**

No. 11836.

Court of Civil Appeals of Texas. Galveston.

Dec. 18, 1946.

Rehearing Denied Jan. 9, 1947.

William Glover, of Houston, for appellant.

George E. Ross and George Banks, both of Houston, for appellee.

CODY, Justice.

Appellee, plaintiff below, alleged in substance that he was an employee of appellant (a Texas corporation) on or about June 30, 1941, at which time he and appellant contracted that he should receive, in addition to his fixed monthly salary, a commission of 10% of the gross profits earned on sales of oil effected by him for appellant. The amount of the commission so alleged to have been earned was $3,105.71.

Appellant's answer, so far as here material, consisted of a general denial. The parties stipulated that 10% of the gross profits earned on sales effected by appellee amounted to $3,105.71. The case was submitted to the jury upon a single special issue, reading: "Do you find from a preponderance of the evidence that plaintiff, Robert W. Coghill, and defendant, Cooper Petroleum Company, on or about June 30, 1941, entered into a verbal contract whereby defendant agreed to pay plaintiff, in addition to his salary, ten per cent (10%) of the total gross profits which plaintiff earned or was instrumental in earning for defendant, as a commission?" This the jury answered, "We do."

Though appellant had made no objection to the submission of the case on the foregoing special issue, yet upon the coming in of the answer thereto, appellant moved for judgment notwithstanding the verdict, "because the pleadings of plaintiff, Robert Webb Coghill, and the evidence in support thereof was insufficient to warrant the submission of special issue number one." Said motion was refused, and judgment rendered upon the verdict and aforesaid stipulation that appellee recover $3,105.71, and all court costs. Thereafter appellant ruled appellee for costs, and twenty-five days later moved to dismiss the cause with prejudice upon the allegation that appellee had failed to comply with the rule, which motion was refused.

Appellant predicates its appeal upon eleven points, which we have edited for brevity as seven points:

1. Appellee alleged that the agreement sued on was made on or about June 30, 1941; his proof was to the effect that it was made on June 26; this was a fatal variance of his allegata and probata.

2. The great preponderance of the evidence established that the contract sued on was never made.

3. The contract sued on was of so unusual nature that, in order to be binding on the corporation, it was necessary to show same was formally authorized by the board of directors, which was not done.

4. The refusal of appellant's motion for judgment non obstante veredicto was reversible error.

5. The court should have voided the verdict for jury misconduct.

6. In violation of stipulation, appellee introduced evidence of sales of petroleum products to the Japanese Government, which evidence prejudiced the jury.

7. The court erred in refusing to dismiss the case with prejudice, after appellee had been ruled for costs, and failed to comply with the rule.

It was shown upon the trial: That B. P. Cooper employed appellee in June, 1939, at a time the said Cooper was operating his business under the trade name of Cooper Petroleum Company. That thereafter he incorporated his business under the same name. Said Cooper is president of said Company, and at all material times was such and owned all the shares of stock thereof except three "qualifying shares," held by three other officers of the corporation, one of whom was Cooper's wife. That at all times Cooper has been the active head of the business, and employed and discharged the employees. That a conference of the directors was held the day before Cooper made the contract with appellee here sued on, and a witness who was one of said directors at the time (but no longer connected with the corporation at the time of the trial) testified that the commission

contract was authorized at said conference, said testimony was contradicted by another director but not by Cooper. It was shown from the minutes of the corporation that, for the fiscal year of August 1, 1940, to June 30, 1941, appellee was entitled to receive in addition to his monthly salary of $500 a commission of ten per cent of the gross profits on the sales made by him, which amounted to $10,000 for said period.

### Opinion.

As appears from the foregoing statement, appellee did not allege that he made the contract sued on with an agent of appellant-corporation: he alleged that he made it with the corporation itself. Such allegation was sufficient to charge the corporation directly with liability on the contract. Had appellee charged that he made the contract with a representative of the corporation, he would have had to allege expressly the authority of such person to make the contract. 10 Tex.Jur., 995, 996, Sec. 336.

To appellee's pleading that appellant contracted to pay him (in addition to his fixed monthly salary) a commission of 10% of the gross profits on all sales effected by appellee, appellant interposed a general denial. The issue thus drawn by the pleadings of the parties was submitted to the jury in the language employed in special issue No. 1. Appellant's contention that the issue submitted to the jury was without support in the pleadings of appellee is without merit.

As submitted, the special issue inquired of the jury if appellee and appellant entered into the contract sued on. Since appellant-corporation could act only through the agency of some one or more persons, the form of the special issue which was submitted to the jury necessarily included the inquiry of whether, in making the contract, the corporation acted through its authorized agent or agents. A finding by the jury that appellee and appellant made the contract sued on was necessarily a finding that the person or persons acting for the corporation in making the contract had authority to act for it. If there was any evidence, circumstantial or direct, to sustain the jury's answer to special issue No. 1, such answer or verdict supported the judgment rendered thereon. See Galveston-Houston Interurban Land Co. v. Dow, Tex.Civ.App., 193 S.W. 353, 355, writ refused.

Appellee's evidence was to the effect that on June 26, 1941, the president of appellant contracted with him on behalf of appellant to pay him, in addition to his fixed monthly salary of $500, a commission of ten per cent of the gross profits on all sales effected by appellee. Appellee did not profess to have any independent recollection of the date the contract was made, but fixed it as being June 26, because his records showed a deposit to his credit in his bank of $10,000 on June 27th. It is not disputed that said $10,000 was paid to him by appellant, and that said payment was 10% of the gross profits on sales effected by him for the period from August 1, 1940, to June 30, 1941. Without particularizing the evidence further which tended to support the jury's aforesaid finding, but merely referring to it as set forth above, we will state that we deem the evidence sufficient to sustain the jury's answer. We overrule appellant's contention that the evidence was insufficient to support the verdict.

It is appellant's contention that no authority in Cooper to make such a contract of employment of such an unusual character can be inferred from the mere fact that Cooper was the president, and customarily exercised full powers of management including employing and discharging employees. In our opinion there is nothing unusual for a contract of employment of a salesman to provide that, in addition to his fixed compensation, he shall also receive a commission on his sales. Such an incentive contract is standard practice among the large department stores —to go no further. Appellant relies upon the following cases as authority to establish that the evidence here was insufficient to sustain the jury's implied finding that the contract was authorized: A. J. Anderson Co. v. Kinsolving, Tex.Civ.App., 262 S.W. 150; Leak v. Holaby Galleries, Inc., Tex.Civ.App., 49 S.W.2d 858; Colbert v. Dallas Joint Stock Land Bank, 129 Tex.

235, 102 S.W.2d 1031; Superior Brewing Co. v. Curtis, Tex.Civ.App., 116 S.W.2d 853.

We have carefully considered the cited cases, and find them not to be in point. We will briefly review the last cited case: Superior Brewing Co. v. Curtis. The by-laws of the Brewing Company, as is usual with by-laws of corporations in reference to the salaries of officers, fixed the annual salary of its secretary-treasurer. Such salary was thereafter reduced by action of the board of directors, as were the salaries of the other officers of the corporation. Such action was duly entered upon the minutes of the board of directors. Later an agreement was made between the officers that, unless the profits reached a certain level, they would take certain fixed sums less than their salaries. Where salaries of officers are prescribed by by-laws, the salary is an incident to the office. An offi- cer of a corporation is not ordinarily employed, as that term is usually used, but attains his office by election. The court held the agreement to take a lower salary was a nudum pactum, and could not be enforced by the corporation. Appellee was not an officer of the appellant, but an employed salesman, and it was found by the jury upon sufficient evidence, as stated above, that he was employed according to the terms of the contract sued on.

■ There is no contention that any part of the commission sued for was earned prior to June 30, 1941. Indeed, as pointed out above, the parties stipulated that the commission sued for was correct as to amount, and should be so treated if the jury found the contract sued on was made. There is, therefore, no merit in appellant's contention that, because appellee's evidence was to the effect the contract of employment was made on June 26, 1941, there was a fatal variance between his allegations (which were to the effect that the contract was made on June 30, 1941) and proof. Appellant's point one is overruled.

According to appellant's proof, appellee was not in Houston on June 26, 1941. Said proof consisted largely of appellee's expense account, from which it appeared that from June 14, 1941, to June 28, 1941, he was in New York, Pittsburg and Chicago. Indeed, it would appear that he talked by long distance daily to his home office, and that on the morning of June 26 he talked from Chicago. The tendency of such evidence was indeed to prove that appellee was mistaken in fixing the date of making the contract as June 26, 1941. But it certainly falls far short of establishing as a matter of law that such contract was not made. By the foregoing rulings we have disposed of appellant's aforesaid points 1, 2, 3, and 4.

■ Appellant's aforesaid point 5 charges jury-misconduct. The alleged misconduct consisted of a remark by a juror, after the jury had retired, that appellee could have flown from Chicago on June 26 so as to have been in Houston on the same day. There was no evidence that appellee did return from Chicago to Houston by plane. Appellant was undertaking to have the jury draw the inference that, because appellee fixed the date of the contract as June 26th, and the place where it was made as the home office, and further because appellant's evidence placed appellee in Chicago on June 26th, the contract was never made and could not have been made. The comment of the juror was no more than a reason advanced by him, based on common knowledge, to indicate his belief that appellant's evidence did not necessarily exclude the possibility that appellee could have been in Houston on June 26th. Had the juror stated as a fact that appellee had come by plane from Chicago to Houston on June 26, 1941, that would have been a receiving by the jury of evidence other than from the witness stand. We overrule point 5.

■ The facts were that appellee, as appellant's employee, made sales of petroleum products to the Japanese Government prior to the breaking out of the war. The parties mutually agreed not to introduce evidence of such sales as being made to the Japanese Government as they mutually thought such evidence might be prejudicial to the parties indifferently if known to the jury. Such agreement was not in writing nor filed among the papers in the case as provided for by Rule 11, Texas Rules Civil Procedure. The alleged reversible error oc-

curred in this manner: Appellant's lawyer was reading the interrogatories of a deposition that was taken before the agreement was made, and appellee's lawyer was reading the corresponding answers. Before he realized the nature of an interrogatory which inquired about sales to the Japanese Government appellant's attorney inadvertently read an interrogatory relating thereto. No objection was made to said reading of said interrogatory by appellant's attorney, by appellant. We overrule appellant's aforesaid point 6.

The record does not disclose what took place at the hearing on appellant's motion to dismiss the cause with prejudice, after appellee had been ruled for costs. Since the record is silent, we must presume in favor of the court's action thereon that it was justified. We overrule aforesaid point 7.

Appellant's aforesaid points presenting. no reversible error, the judgment is affirmed.

Affirmed.