## LEON FARMS CORP. v. BEEMAN.
### No. 4785.

Court of Civil Appeals of Texas.
El Paso.

Feb. 7, 1951.

Rehearing Denied March 1, 1951.

L. C. McLean, and Kelley, Looney, McLean & Littleton, all of Edinburg, Maurice R. Bullock, Ft. Stockton, for appellant.

Travers Crumpton, Ft. Stockton, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the 83rd Judicial District Court of Pecos County. Appellee was plaintiff, and appellant was one of the defendants in the trial court. Plaintiff sued to recover a bonus alleged to be due him under a contract of employment with the defendant corporation, Leon Farms Corporation. He also sued certain named officers and directors of the corporation but the court found that he was not entitled to recover from such officers and directors and he has not appealed from the judgment. In a trial without a jury the court rendered judgment in favor of plaintiff against the defendant, Leon Farms Corporation, for $2500, this being the amount of the alleged bonus, and this defendant has appealed.

Plaintiff alleged that the defendant corporation was the owner of farming lands in Pecos County, consisting of several thousand acres of irrigated lands used for the production of crops and livestock, and that the individual defendants were the majority stockholders in the corporation.

"That long prior to the acquisition by defendants of the aforesaid properties and farms, plaintiff was the manager and in control of same and thereby became familiar with the operation thereof and the nature of the soil thereon and its adaptability and ability to grow and produce as well as the general and specific knowledge of its watering system. That none of said defendants was familiar with said properties and the operation thereof and upon acquisition thereof by defendants they sought the services of plaintiff in the operation of said properties because of his superior knowledge thereof and therewith. That pursuant to the desire of defendants to acquire the services of plaintiff, the defendant, Clay F. Wilson, who was at the time on the ground and in active charge of said properties and operations, and who at such time was a stockholder and officer in said corporation and was acting as agent therefor, offered to pay plaintiff the sum of $10,000.00, or $5,000.00 for each year covering the ensuing two year period, and the further sum of $2500.00, as bonus, in the event plaintiff completed said two years services on behalf of defendants. That the total compensation agreed to be paid plaintiff for his said services for such period was the sum of $12,500.00. That plaintiff accepted said offer and entered upon the rendition of his services as aforesaid and fully performed same in a good and satisfactory manner, and for the length of time, as contracted.

"That as evidence of such agreement made and entered into between plaintiff and defendants, the defendant, Wilson, acting as aforesaid, and plaintiff, Beeman, caused said agreement to be reduced to writing and same was duly executed by the said Wilson for himself and other defendants herein named. That said contract and agreement is in words and figures as follows:

"The Webb Farms
Fort Stockton, Texas
June 21, 1947

"D. S. Beeman,
Fort Stockton, Texas

"I am giving you this letter to confirm the salary agreement I have with you. We failed to bring up the subject of your salary with the Leon Farms Corporation at our last Directors meeting, but I have discussed the matter with the other members of the Corporation and they have agreed to the proposition I made you, that your salary was to be Five Thousand Dollars per year for two years, beginning on the date the purchase of the Webb

Farms is completed and the Corporation has received the deed. In addition to the above salary we have agreed to pay you a bonus of $2500.00 at the end of the two years employment mentioned above.

Yours truly,

(s) Clay F. Wilson,

Vice-President Leon Farms Corporation."

He then alleged that at the time of the agreement Wilson was Vice President of the defendant Leon Farms Corporation and in active charge of its properties and was managing same and in control of the operations thereof, and was employing and discharging all persons engaged in such operations, that with full knowledge and consent of the officers of the corporation Wilson had actual authority to enter into such agreement, or apparent authority to make and execute the same; that plaintiff entered into the agreement in good faith, believing that Wilson had authority to make same because of the acts and conduct of the officers of the corporation, and such officers were estopped to deny Wilson's authority.

Paragraph 6 of defendant's answer is as follows: "Come now said defendants and deny specially that the said Clay F. Wilson was ever at any time authorized to act for or bind all or any of these defendants by making any offer to or agreement with plaintiff, D. S. Beeman, to pay to Beeman any sum in excess of plaintiff's agreed salary of $5,000.00 per year, which was actually paid to plaintiff, and so authorized the said Clay F. Wilson."

■ Appellant's points Nos. 1–5 assert that the judgment can not be sustained on the theory of quantum meruit because there is no evidence, or insufficient evidence, of the reasonable value of the services rendered by plaintiff to defendant corporation, and the court erred in overruling defendant's exception to plaintiff's testimony as to the amount of money which he would require to do the work involved. Appellee does not attempt to sustain the judgment on the theory of quantum meruit, and it is sufficient to say that it can not be sustained on this theory because there is no evidence of the reasonable value of the

services performed by plaintiff for defendant corporation. That this is the basis for a judgment of quantum meruit has been authoritatively adjudicated. Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771, Com.App.Opin. adopted. The mere fact that plaintiff would not have performed the services for less than the agreed compensation alleged by him as testified by him is no evidence of the reasonable value of such services. 45 Tex.Jur. p. 336, Sec. 24; Cooper v. Gordon, Tex.Civ.App., 23 S.W. 608; Cochran County v. West Audit Co., Tex.Civ.App., 10 S.W.2d 229, loc. cit. 234(8) wr. ref.

■■ We shall here briefly notice appellee's counterpoint which attempts to sustain the judgment, because defendant corporation did not by verified pleading deny the authority of its alleged agent, Clay F. Wilson to contract for it as alleged or to sign the letter of June 21, 1947 as its agent. This proposition is without merit. The counterpoint is erroneously based on the theory that plaintiff's pleading and his cause of action is founded upon the letter of June 21, 1947, and the authority of Clay F. Wilson to sign such letter as an agent of the Leon Farms Corporation and by its authority, is not denied by verified pleading. The letter is not the basis of plaintiff's cause of action such as a promissory note or a written contract, and the record reveals that the contract of employment on which he seeks to recover was entered into between him and Clay F. Wilson prior to the writing of the letter of June 21, 1947, and that the letter was written to evidence such agreement. Further, the letter does not purport to show any authority of Wilson to bind the Leon Farms Corporation. If it does evidence authority to bind anyone except Wilson it refers only to the "other members of the corporation" and not to the corporation, but on the contrary it expressly states that the matter was not brought up at the last directors' meeting of the corporation. Therefore we think that Rule 93(h) R.C.P., on which appellee relies has no application. If we are mistaken in this and it may be said that plaintiff's pleading is founded in part upon the letter of June 21, 1947, we

think it clear that as plaintiff tried the case without objection to the failure of defendant to verify its denial of Wilson's authority, and without objection to evidence tending to show his lack of authority to bind the corporation, under Rules 67 and 90, R.C.P. plaintiff waived the defect in defendant's pleading by reason of defendant's failure to verify its answer. This is so even though a denial under oath be essential as a pleading to raise the issue and require proof of authority as held in National Guarantee Fire Insurance Co. of Newark, N. J. v. King, Tex.Civ.App., 24 S.W.2d 501, loc. cit. 504, (4–6), wr. ref. See McDonald, Texas Civil Practice, Vol. 2, Sec. 5.18, pp. 513 et seq; Sec. 7.26, pp. 657 et seq; Sec. 7.29, pp. 662, et seq; 27 Tex. Law Review, pp. 564–5.

By several points appellant asserts that the alleged contract could not form the basis of the judgment because such a contract was expressly prohibited by the minutes of the corporation and the by-laws of the corporation expressly prohibit Wilson from entering into such contract for the corporation, which facts were known to plaintiff, who was Secretary of the corporation and signed the minutes which set out the compensation he was entitled to receive, and further that such contract, if it ever did exist, was void because it attempted to bind the action of future boards of directors of the corporation as to matters of management, and was therefore against the public policy of this state.

The only by-laws which appear in the Statement of Facts are those which were adopted by the board of directors at its first meeting. We find nothing in these by-laws which prohibit Wilson from entering into a contract for the corporation such as that here involved.

There is no controversy about the material facts in this case. Several months before the appellant Leon Farms Corporation was incorporated, Clay F. Wilson, who was one of the promoters of the project, proposed to plaintiff, who was familiar with the lands and irrigation system which it was contemplated should become the property of the corporation, that he should be employed to work for the corporation after it was organized, and Wilson made an agreement with plaintiff that he should be employed to work for the corporation after it was organized, and that he should receive as compensation for such services a monthly sum of $250, with $2,000 additional to be paid at the end each year and a bonus of $2500 to be at the end of the two years. The corporation received its charter some time prior to the 4th of June, 1947, and at the first meeting of its board of directors held on that date plaintiff was appointed Secretary-Treasurer thereof and served as such until July 1, 1949. There appears in the minutes of the first meeting of the Board of Directors held on June 4, 1947, the following: "A motion was further made by Clay F. Wilson and seconded by W. H. Harrison, that all remuneration, salaries and contracts must be first authorized by the Board of Directors. This motion carried unanimously." Plaintiff introduced what purports to be an excerpt from the minutes of this meeting, which is as follows: "Discussion ensued with reference to the general management of the property and a motion was made by W. H. Harrison and seconded by S. H. Collier that Clay F. Wilson be chosen General Manager of the property and that he be authorized and empowered to manage the corporation and to borrow any and all operating money necessary for the operation of the property and to execute notes, secured by liens on the crops and machinery *and to do any and all other things necessary to the management, control and operation of the property.* The motion being put, it carried unanimously. (Emphasis ours)

\* \* \* \* \* \*

"(Sgd) S. H. Collier, President.
"(Sgd) D. S. Beeman, Secretary."

The letter of June 21st was thereafter written by plaintiff and signed by Wilson at plaintiff's request. Thereafter, on July 5, 1947, at a meeting of the Board of Directors of the Corporation the minutes reflect the following: "The matter of salary to be paid Mr. Beeman as engineer and secretary of the Corporation and for his salary for services and duties for the Corporation was discussed. A motion was

made by Clay F. Wilson and seconded by W. H. Harrison that Mr. Beeman be paid a salary of $5,000.00 a year payable $250.00 per month beginning July 1, 1947, and that the balance of $2,000.00 to be paid at the end of the year. The motion being put, it carried unanimously." Plaintiff never requested the Board of Directors to take any other action with respect to his compensation until after termination of his employment with the corporation. Plaintiff testified that he knew of a bonus of $1500 that Wilson had promised his (Wilson's) son Kelly Wilson, which was paid by the corporation. On cross-examination he admitted that such payment was made after suit filed, by way of compromise. He also testified that Wilson had promised a bonus to another of his sons which was not paid because as Wilson said "this son did not work for the corporation the required time."

The specific requirement by the Board of Directors as reflected by the minutes of June 4, 1947 that all remuneration, salaries and contracts must be first authorized by the Board of Directors as well as the action of the Board of Directors reflected by the minutes of July 5, 1947, by which plaintiff's compensation was fixed at $5,000 per year, negative any authority, express, implied or apparent on the part of Wilson to enter into a contract with plaintiff binding the corporation to pay him any other or different compensation. We think this appears conclusively and that as a matter of law plaintiff can not recover. That the general management of the affairs of the corporation was vested in its Board of Directors is specifically provided by Article 1327, Vernon's Ann.Civ.St. Where the Board has specifically acted with respect to a matter of general management, such as the appointment of an engineer and Secretary-Treasurer, and the fixing of his compensation, there is no room for speculation as to vesting anyone with implied authority to contract with such employee or officer as to his compensation other than as fixed by the Board. The purported excerpt from the minutes of June 4, 1947, which selects Wilson as General Manager of the property of the corporation and empowers him "to do any and all other things necessary to the management, control and operation of the property" can not be construed to authorize him to contract with an engineer and secretary-treasurer of the corporation whose status had been fixed by the Board of Directors so as to change the compensation specifically fixed for him by the Board of Directors as reflected by the minutes of the Board. This excerpt and the evidence that Wilson had contracted with others for bonuses which had been paid by the corporation can not override the specific minutes of the Board of Directors which definitely fixed plaintiff's compensation, and of which plaintiff as Secretary-Treasurer is charged with notice.

See Superior Brewing Co. v. Curtis, Tex. Civ.App., 116 S.W.2d 853; A. J. Anderson Co. v. Kinsolving, Tex.Civ.App., 262 S.W. 150, Wr. Dis.; Annotation, 72 A.L.R. 238; See also 13 Am.Jur. Sec. 948, p. 909 et seq. Especially is this so when a contract of employment with Beeman in a managerial capacity, extending such employment beyond the term of the Board of Directors, even though authorized by the Board of Directors of the corporation at a regular meeting of the Board would be invalid because against the public policy of this state. Art. 1323, R.C.S., V.A.C.S. art. 1323; Hildebrand, Texas Corporations, Vol. 3, pp. 105–106; Denton Milling Co. v. Blewett, Tex.Civ.App., 254 S.W. 236, wr. ref.; Leak v. Halaby Galleries, Inc., Tex. Civ.App., 49 S.W.2d 858, wr. ref.; Beaton v. Continental Southland Savings & Loan Ass'n, Tex.Civ.App., 101 S.W.2d 905, wr. dis.; Edwards v. Keller, Tex.Civ.App., 133 S.W.2d 823, wr.dis. judgment correct. Under the record in this case we have grave doubt, even though it be conceded that Wilson was authorized by the Board of Directors to enter into the contract with Beeman, that such contract was for employment of Beeman in a managerial capacity as a matter of law. If such capacity be conclusively shown by the evidence, then under the above authorities we think appellant's points 9 and 10 should be sustained. However, under our holding to effect that the minutes of the Board of Directors conclusively show that Wilson

was not authorized to enter into the contract with Beeman, it is not necessary to pass on points 9 and 10 authoritatively, and we do not do so.

The judgment is reversed and judgment here rendered for appellant that plaintiff take nothing.

Reversed and rendered.