■ STEPHEN J. LEVITZ, Appellant, v. ROBBINS MUSIC CORPORATION et al., Respondents.— Plaintiff cannot maintain a cause of action for breach of a contract of employment in the face of allegations in his own complaint that, given a choice between resignation and discharge, he resigned. Resignation is ordinarily a voluntary act, and the fact that plaintiff was threatened with discharge does not constitute such duress as to render the resignation involuntary (Clasen v. Doherty, 242 App. Div. 502; Halperin v. Wolosoff, 282 App. Div. 876, motion for leave to appeal denied 306 N. Y. 983; Merrill v. Wakefield Rattan Co., 1 App. Div. 118). The complaint was properly dismissed as insufficient under rule 112. However, on the companion motion for summary judgment under rule 113, affidavits were submitted which indicated that plaintiff was in fact discharged but was given a choice as to the form which the discharge would take. Defendants deny this. Issues of fact are thus pre-

sented as to whether the purported voluntary resignation was in fact a forced discharge (*Matter of Sarle* [*Sperry Gyroscope*], 4 A D 2d 638, affd. 4 N Y 2d 917; *I. Edward Brown, Inc., v. Astor Supply Co.,* 4 A D 2d 177), and summary judgment should not have been granted. The complaint as presently drawn does not reflect this situation. Plaintiff should be given the opportunity to redraft his complaint so as to allege the state of facts set forth in his affidavits. Judgment for defendants and order granting summary judgment unanimously reversed on the law, and motion under rule 113 denied; order dismissing the complaint under rule 112 unanimously modified on the law and in the exercise of discretion so as to grant plaintiff leave to replead, and otherwise affirmed. Costs to abide the event. Settle order. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.